Dr. Charles H. WILSON and Mildred
B. Wilson,

Dr. V. D. Cooper and Cora Bell Cooper

v.

UNITED STATES of America.

Civ. A. Nos. 70–705, 70–706.

United States District Court,
N. D. Alabama, S. D.

Feb. 24, 1971.

Robert Garrison, Birmingham, Ala., for plaintiffs.

Wayman Sherrer and E. Ray Acton, Birmingham, Ala., for defendant.

MEMORANDUM OF DECISION

POINTER, District Judge.

These cases, consolidated for trial, seek a recovery under 28 U.S.C. § 1346 (a) (1) of income taxes alleged to have been erroneously collected from the plaintiffs for the year 1966. The sole issue

---

for decision is the determination of the basis of certain real estate sold by them in that year. The cause has been submitted upon the complaint, answer, provisions of the pre-trial order, stipulations of facts, and stipulation as to documents.

## FINDINGS OF FACT

The court finds the facts to be as stipulated by the parties and as reflected in the documents admitted into evidence on their stipulation. A condensed version of the salient facts is as follows:

Plaintiffs acquired 20 acres of unimproved land in 1960 for $30,000, the adjacent 20 acres of unimproved land in 1961 for $35,000, and an adjoining 8 acres of unimproved land in 1963 for $46,000. After dedicating a roadway across a portion of the last tract acquired, and installing a water main along the dedicated way (at a cost of $3,450), they sold the 40 acre tract for a gross price of $115,000. At the time of this sale, which occurred in 1966, the fair market value of the remaining seven acres (approximately one acre was utilized for the dedicated roadway) was $23,000. Plaintiffs retained these acres.

The first two parcels acquired by the plaintiffs were "land-locked"—that is, there was no road, public or private, going into the property and none adjoining or contiguous to it. The "best use" for the property was for residential purposes, but the agency providing water service in the area would not allow extension of water mains except in dedicated public streets. Plaintiffs were unable to sell the forty-acre tract without providing access [no doubt the parties meant "at a fair price"], and they were unsuccessful in their attempt to buy from adjoining property owners merely enough land to provide a right-of-way or easement. Plaintiffs paid in 1963 far more than the fair market value of the eight acre tract (indeed, the price of $46,000 may well have exceeded its value by as much

as $21,000 according to the stipulations of the parties). The eight acres, however, abutted on a dedicated public road, and the plaintiffs were willing to pay this "premium" in order to link up and free their forty acre tract.

In computing the basis for the property sold in 1966, plaintiffs have added all costs ($30,000 + $35,000 + $46,000 + $3,450 = $114,450) and then subtracted the fair market value of the tract retained ($23,000), thereby resulting in a basis of $91,450 for the property sold (and leaving $23,000 for the property retained). The government asserts that the basis consists of the initial price of the 40 acres ($30,000 + $35,000), plus the cost of the water main ($3,450), plus a part of the cost of 8 acres, pro-rated by acreage ($\frac{1}{8} \times \$46,000 = \$5,750$), thereby sulting in a basis of $74,200 for that sold (and $40,250 for that retained).

## CONCLUSIONS OF LAW AND OPINION

Reg. § 1.61–6(a) states the general principle applicable here:

When a part of larger property is sold, the cost or other basis of the entire property shall be *equitably apportioned* among the several parts, and the gain realized or loss sustained on the part of the entire property sold is the difference between the selling price and the cost or other basis allocated to such part. (Emphasis added.)

Each of the parties asserts that his is the "equitable" way of apportioning the costs. The court has been cited to no case involving precisely the issue presented in this case, though there are a number of decisions involving somewhat similar problems of apportionment in real estate development. See, *e. g.*, Country Club Estates, Inc., 22 T.C. 1283 (1954); Searles Real Estate Trust, 25 B.T.A. 1115 (1932); Birdneck Realty Corp., 25 B.T.A. 1084 (1932); Biscayne Bay Islands Co., 23 B.T.A. 731 (1931). Also see Example 2 in Reg. § 1.61–6(a).

The government insists that the "premium" paid to acquire the eight acres should be apportioned equally among the eight acres. If all that was before this court was an apportionment of basis of an isolated eight acre tract purchased at a premium price, this position would have obvious merit; for, absent some showing to the contrary, one could reasonably assume one acre to be equivalent in value to another. It would be erroneous, however, in the present case to consider these eight acres independently of the forty acres—they were purchased, in effect, to complete the forty acres. Under the circumstances the cost of the "entire property", as the term is used in the regulations, should be taken to be the cost of the entire 48 acres, including cost of right-of-way dedication and the installation of water mains. This cost—$114,450.00—should then under the regulations be "equitably apportioned" between the tract sold and the tract retained.

One such method would be to apportion the cost according to relative acreage—the approach used by the government in attempting to divide the separate cost of acquiring the 8 acre tract between the portion dedicated as a road and that remaining for use. Another method, one which finds approval in several places in the regulations including Example 2 of the particular regulations involved here [Reg. § 1.61–6(a)], is to apportion according to relative values at some common point in time. In the present case application of either of these two methods—$^{40}/_{47}$ of $114,450, or $115,000/$138,000[1] of $114,450—would produce a basis for the the part sold which is somewhat in excess of that actually claimed by the taxpayers here. The method used by the taxpayers—subtraction of value from cost, in dollar amounts rather than on a percentage or fractional basis—is not one which this court would approve;[2] it, however, under the facts happens to produce a result ($91,450 basis for the property sold) which approximates the "equitable apportionment" required by regulation. The court is of the opinion and conclusion that the basis claimed by the taxpayers in their returns and on which they premise this refund suit should be permitted by this court. A judgment is to be entered granting plaintiffs in each case a refund calculated by allowing the basis claimed in their original returns. The parties are directed to prepare a form of judgment reflecting the dollar amount called for under this decision.

---

1. The parties stipulated that in January, 1966, immediately prior to sale of the 40 acre tract, the 7 retained acres had a fair market value of $23,000. They also stipulated that the gross sales price of the 40 acres sold, $115,000, fairly stated the fair market value of such tract at the same time, the sale being an arms-length transaction and neither party being under compulsion to enter the transaction.

2. What if the value of the 40 acre tract were used as the subtrahend to determine the basis of the 7 acre parcel?