**John D. BYRAM and Sally A. Byram, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 75–3960.**

United States Court of Appeals, Fifth Circuit.

July 13, 1977.

Rehearing Denied Aug. 8, 1977.

---

Harold A. Chamberlain, George A. Hrdlicka, Houston, Tex., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Appellate Sect., Elmer J. Kelsey, Gilbert S. Rothenberg, Carleton D. Powell, Attys., Tax Div., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, I.R.S., Washington, D. C., for respondent-appellee.

Before TUTTLE, WISDOM and COLEMAN, Circuit Judges.

COLEMAN, Circuit Judge:

Appellants-taxpayers appeal the Tax Court's determination that they improperly allocated the entire cost basis of a tract of land to a portion of the tract which they sold. We affirm.

The facts are stipulated. On February 3, 1967, appellant obtained an option to purchase 3.808 acres in an industrial park in Houston, Texas. On February 16, appellant and National Cash Register (NCR) entered into an agreement under which NCR agreed to lease the building which appellant contemplated erecting on that site. The following day, appellant executed a contract to purchase the land for $223,420. The deal was closed on July 28, 1967.

The building which NCR was to occupy involved only 2.784 acres of the total tract. Anticipating future expansion, the lease between NCR and appellant was altered to divide the tract into two parts—2.784 acres (Tract One) and the remaining 1.024 acres (Tract Two). By so dividing the tract, NCR would be able to finance an additional building on Tract Two at a future date, without rearranging the mortgage on Tract One. Under the leases, the annual rental was $80,617.92 for Tract One and $1.00 for Tract Two. Both parties agree that the execution of two separate leases, and the rental allocation between them, was made solely as an accommodation for financing purposes.

In January of 1969, appellant sold his interest in Tract One for $892,960.98. In reporting the gain on this sale on their 1969 income tax returns, the appellants allocated the entire cost of the 3.808 acres to the basis of Tract One. In a statutory notice of deficiency, the Commissioner disallowed the appellants' method of allocation and determined that their basis in Tract One was $163,344.04 and their basis in Tract Two was $60,085.96, thus increasing the appellants' gain from the sale of the Tract One acreage. This determination was based upon an allocation of the original purchase price on a pro rata basis to the total acreage of both tracts.

The appellants appealed to the Tax Court which upheld the Commissioner's determination. Although recognizing the appellants' theory of "equitable apportionment", the Tax Court held that the appellants had failed to present sufficient evidence upon which such allocation of basis could be made. Despite a stipulation that the value of appellants' fee interest in Tract Two in July, 1967, was $8,773.63, the Court held that this merely reflected "the value of that parcel as encumbered by the lease", a value which appellant himself placed on the property. It was not proof that Tract Two was less desirable than Tract One nor did it reflect the economic value of the property to appellant when he acquired it.

Our scope of review of the decisions of the Tax Court is "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury". 26 U.S.C. § 7482(a). "If the findings are supported by substantial evidence upon the record as a whole, and not against the clear weight of the evidence or induced by an erroneous view of the law, they cannot be upset." *Estate of Broadhead v. CIR,* 5 Cir. 1968, 391 F.2d 841, 843.

Under I.R.C. § 1001(a), the gain from the sale of property is defined as the "excess of the amount realized therefrom over the adjusted basis". The Code further provides that the basis of property shall be its cost. I.R.C. § 1012. Where confronted with a situation such as the one facing us in this case, the Treasury Regulations provide:

> . . . When a part of larger property is sold, the cost or other basis of the entire property shall be equitably apportioned among the several parts, and the gain realized or loss sustained on the part of the entire property sold is the difference between the selling price and the cost or other basis allocated to such part.

Treas.Reg. § 1.61–6(a) (1960).

The parties are in agreement that the basis of the entire tract must be equitably apportioned between the two parcels. The dispute is over the amount to be assigned to each. The Tax Court upheld the Commissioner's position that the appellants' basis in Tract One was $163,334.04, and not the greater sum urged by the appellants. It is elementary that the burden was on the appellants to show that the deficiency determination was erroneous. *Estate of Broadhead, supra,* at 844.

Appellants rely solely upon the stipulation made as to the value of Tract Two in July, 1967. This, they urge, represents the basis to be allotted to that tract. That stipulation, however, relates only to the value of appellants' fee interest as encumbered by the lease to NCR. What appellants should have shown, and never did, was the *fair market value* of the tract. See generally: *Warren v. Commissioner of Internal Revenue,* 1 Cir. 1952, 193 F.2d 996; *Com-*

*missioner of Internal Revenue v. American Liberty Oil Co.,* 5 Cir. 1942, 127 F.2d 262, cert. den., 317 U.S. 648, 63 S.Ct. 43, 87 L.Ed. 522.

Appellants' reliance on *Wilson v. United States,* 322 F.Supp. 1166 (N.D.Ala.,1971) is misplaced. In *Wilson,* the stipulation between the parties established the fair market value of the property. *Id.* at 1168, n. 1.

Appellants presented no evidence to establish the fair market value of the tract. The appellants have failed to carry their burden and the judgment of the Tax Court is

AFFIRMED.